UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC      Case No.:  16-CV-3883
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the Local 282     **COMPLAINT**
Pension Trust Fund.

                             Plaintiffs,

        -against-

INTERSTATE MASONRY CORP.,

                             Defendant.
-------------------------------------------------------------------------------x

Plaintiffs THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE RICHARDSON, and THOMAS CORBETT as Trustees and fiduciaries of the Local 282 Pension Trust Fund for their Complaint allege as follows:

**INTRODUCTION**

This is an action by the Trustees and fiduciaries of employee benefit plans to collect withdrawal liability owed by Defendant INTERSTATE MASONRY CORP. ("INTERSTATE") to the Local 282 Pension Trust Fund ("Pension Fund") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), in the amount of $19,704.00, which sum was determined to be due and owing as a result of the permanent cessation of INTERSTATE's obligation to contribute to the Pension Fund, plus interest, liquidated damages and attorneys' fees and costs incurred in seeking to collect the aforementioned amounts.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f) and 515 of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1145, and Section § 4301(c) of ERISA, 29 U.S.C. § 1451(c).

2. Venue lies in this District pursuant to Sections §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District.

## PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(2l)(A).

4. The Pension Fund is an "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with its principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Pension Fund is jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. The Pension Fund was established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including INTERSTATE, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

7. The Pension Fund is maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Pension Fund provided pension benefits to covered workers, retirees and their dependents.

8. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

9. Upon information and belief, Defendant INTERSTATE is, and at all times relevant to this action has been, a domestic business corporation located and/or having offices for doing business at 58-17 59th Drive, No. 205, Maspeth, New York 11378.

10. Upon information and belief, INTERSTATE is, and at all times relevant to this action has been, engaged in the business of trucking services within the State of New York.

11. INTERSTATE is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

**FACTUAL BASIS FOR CLAIMS**

**The Collective Bargaining Agreements, the Trust
Agreement, and Withdraw Liability Obligation to the Funds**

12. At all times relevant to this action, INTERSTATE has been a party to and bound by a series of collective bargaining agreements with Local 282, most recently the Building Material Contractor's Industry Agreement for the period July 1, 2011 through June 30, 2016 ("CBA").

13. At all times relevant to this action, INTERSTATE agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

3

14. The Trust Agreement authorizes the Trustees to construe the provisions and the terms used therein, and provides that any construction adopted by the Trustees in good faith is binding upon the employers.

15. Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make withdraw liability payments to the Funds.

16. Article XI, Section 1(a) of the Trust Agreement provides: "An Employer that withdraws form the Pension Plan after April 28, 1980, in either a complete or partial withdrawal shall owe and pay withdrawal liability to the Plan as determined under this Article and [ERISA] and the Pension Protection Act of 2006."

17. On or about August 2013 INTERSTATE was deactivated from the Union due to its inactivity.

18. On or about September 12, 2013, INTERSTATE was sent an Initial Notice of Actual Withdrawal.

19. On or about December 4, 2013, the Pension Fund demanded payment of the withdrawal liability starting January 1, 2014.

20. INTERSTATE failed to remit the withdrawal liability payments by January 1, 2014.

21. As a result, the Pension Fund, on or about January 30, 2014 sent a Notice of Default demanding cure within sixty (60) days.

22. To date, INTERSTATE has failed to make any payments of the withdrawal liability demanded, the full amount of which remaining due and unpaid.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT INTERSTATE

23. According to the Pension Fund's records, as of June 2012, INTERSTATE permanently ceased to have an obligation to remit contributions to the Pension Fund and/or ceased covered operations.

24. Pursuant to Section § 4203(a) of ERISA, 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Pension Fund and/or the cessation of covered operations constitutes a "complete withdrawal" from the Pension Fund.

25. Pursuant to Section § 4201 of ERISA, 29 U.S.C. § 1381, INTERSTATE is obligated to pay withdrawal liability to the Pension Fund for its proportionate share of the Pension Fund's unfunded vested benefits.

26. In accordance with Section § 4211 of ERISA, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Pension Fund calculated INTERSTATE's withdrawal liability to be $19,704.00.

27. By letter dated September 12, 2013, the Pension Fund sent INTERSTATE an Initial Notice of Actual Withdrawal.

28. By letter dated December 4, 2013, in accordance with Section § 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and Article XI, Section 5(c)(l) of the Trust Agreement, the Pension Fund sent INTERSTATE a written Notice and Demand for Payment of Withdrawal Liability and informed INTERSTATE that it could remit its withdrawal liability in fifteen (15) consecutive monthly installments of $1,269.11 per month, beginning January 1, 2014, plus a final payment of $1,123.94.  The Notice and Demand also directed INTERSTATE to Section § 4219 of ERISA, 29 U.S.C. § 1399 for a description of the rights INTERSTATE might have in

5

connection with the Pension Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment.

29. INTERSTATE failed to challenge the Pension Fund's assessment of withdrawal liability.

30. INTERSTATE failed to make the initial monthly payment of $1,269.11 due on January 1, 2014.

31. The Pension Fund notified INTERSTATE of its delinquency by letter dated January 30, 2014.

32. To date, INTERSTATE has failed to remit the initial monthly payment or any other payments.

33. By failing to remit its monthly withdrawal liability payments within sixty (60) days of receiving notice of such failure, INTERSTATE defaulted on its withdrawal liability obligations to the Pension Fund under the provisions of Section § 42l9(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement. Therefore, the entire outstanding balance of INTERSTATE's withdrawal liability in the amount of $19,704.00 is due and owing pursuant to Sections §§ 515, 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b).

34. In accordance with Article XI, Section 5(d)(2) of the Trust Agreement and Sections §§ 502(g)(2)(B), 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 419.32, INTERSTATE is obligated to the Pension Fund for interest at the rate of 1.5% per month on the delinquent withdrawal liability payments from January 1, 2014 to the date judgment is entered.

35. In accordance with Article XI, Section 5(e) of the Trust Agreement and Sections §§ 502(g)(2)(C) and (D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and (D) and 1451(b), INTERSTATE is obligated to the Pension Fund for liquidated damages equal to the greater of the amount of interest charged on the unpaid balance or liquidated damages equal to twenty percent (20%) of the unpaid amount awarded, plus the costs and attorneys' fees incurred in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court enter judgment against INTERSTATE MASONRY CORP:

(a) Finding INTERSTATE MASONRY CORP. liable to the Pension Fund for withdrawal liability in the amount of $19,704.00, in accordance with Sections §§ 515, 4219(c)(5), and 4301(b) of ERISA, 29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b);

(b) Finding INTERSTATE MASONRY CORP. liable to the Pension Fund, in accordance with Sections §§ 502(g)(2)(B), 4219(c)(5), and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5), and 1451(b), and 29 C.F.R. § 4219.32, and Article XI, Section 5(d)(2) of the Trust Agreement, for interest at the rate of 1.5% per month on the full amount of the unpaid withdrawal liability from January 1, 2014 until the date judgment is entered;

(c) Finding INTERSTATE MASONRY CORP. liable to the Pension Fund, in accordance with Sections §§ 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b), and Article XI, Section 5(e) of the Trust Agreement, for liquidated damages equal to the greater of the amount of interest charged on the unpaid withdrawal liability or twenty percent (20%) of the unpaid amount awarded; and

(a) Finding INTERSTATE MASONRY CORP. liable to the Funds for reasonable attorneys' fees and costs, in accordance with Section § 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and Article XI, Section 5(e) of the Trust Agreement, in an amount to be determined by the Court upon subsequent application by the Plaintiffs; and

(b) For such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
July 13, 2016

TRIVELLA & FORTE, LLP

*/s/ Arthur J. Muller III*

_____
ARTHUR J. MULLER III
JONATHAN M. BARDAVID
*Attorneys for Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.:  (914) 949-9075


To:   INTERSTATE MASONRY CORP.
58-17 59th Drive, No. 205
Maspeth, NY 11378